UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

George A. Winkelman,

    Petitioner,

 v.

Steven Merlak, Warden

    Respondent.

Case No. 4:17 CV 0807

JUDGE JAMES G. CARR

<u>OPINION AND ORDER</u>

*Pro se* Petitioner George A. Winkelman, an inmate in the Federal Correctional Institution in Elkton, Ohio, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

He was convicted in the United States District Court for the Middle District of Pennsylvania of multiple drug offenses. The district court sentenced him to 480 months in prison and a ten-year term of supervised release. The U.S. Court of Appeals for the Third Circuit affirmed the convictions. *U.S. v. Winkelman*, 180 F. App'x 397 (3d Cir. 2006).

Winkelman then moved to vacate his sentence under 28 U.S.C. § 2255, but the district court denied relief. The Third Circuit rejected his ensuing request for a certificate of appealability. Winkelman then sought leave to file at least four successive § 2255 motions, but the court of appeals denied permission in each case.

In his present submission, Winkelman contends that one of his convictions for using a firearm in relation to a drug-trafficking offense was erroneous and resulted in the wrongful

imposition of a 300-month sentence that runs consecutively to his other sentences. Winkelman argues that, once I vacate that illegal sentence, he will be entitled to immediate release from prison.

Because Winkelman's claim is not cognizable in a § 2241 proceeding, I deny the petition.

**I. Background**

Winkelman was arrested in 2001 and charged in a multiple-count indictment, followed by three superseding indictments. He went to trial and was found guilty of: 1) count one, a drug-conspiracy charge; 2) count five, for possession and distribution of cocaine; 3) count nine, for possession with intent to distribute and distribution of more than 500 grams of cocaine; 4) count ten, for using, carrying, or possessing a firearm in a drug-trafficking crime; and 5) count twelve, also for using, carrying, or possessing a firearm in drug-trafficking crime.

Winkelman received concurrent sentences of 120 months on the conspiracy and drug-trafficking offenses, a 60-month consecutive sentence on count ten for using and carrying a firearm, and a 300-month consecutive sentence on count twelve for using and carrying a firearm during a drug offense.

According to Winkelman, he received the 300-month sentence on count twelve because his firearms conviction was his second conviction under 18 U.S.C. § 924(c)(1). He claims that his first conviction was for the conduct charged in count ten, and was part of the same conspiracy charged in count one.

To sustain the conviction on count twelve, Winkelman argues, the government needed to prove that he used the firearm in relation to a second offense separate from the offense tied to his conviction on count ten.

The government failed to do so, he contends, because the only testimony relevant to count twelve came from a witness who testified that he traded Winkelman a shotgun for a half-gram of cocaine. Because the government did not charge Winkelman with selling that cocaine, and because the government could not use the conduct forming the basis of his conviction on count one to support the firearms charge in count twelve, Winkelman maintains that there is no lawful basis for his 300-month sentence.

## II. Discussion

As a general matter, 28 U.S.C. §§ 2241 and 2255 provide the statutory scheme for federal prisoners to obtain relief from a conviction or sentence. *Terrell v. U.S.*, 564 F.3d 442, 447 (6th Cir. 2009).

Section 2255 is the avenue for federal prisoners to challenge the lawfulness or validity of their conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *U.S. v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners who "seek to challenge their convictions or imposition of their sentence" must do so by way of a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

Section 2255 contains a narrow exception to this rule that permits a prisoner to challenge his conviction or his sentence under § 2241. This exception is available only when an intervening change in the law establishes that the petitioner is "actually innocent." *U.S. v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).

Winkelman's claim is not cognizable under § 2241 because it challenges the lawfulness of his firearms conviction and the corresponding sentence. Moreover, Winkelman does not argue that, due to a subsequent change in the law, he is no longer guilty of an offense defined by § 924. Rather,

-3-

he argues that there was no evidence to support that conviction. Evidentiary insufficiency does not, however, provide a basis for invoking the safety valve in § 2255(e). *E.g.*, *Strawder v. Merlak*, 2017 WL 1199139, *2 (N.D. Ohio) (Oliver, J.).

## IV. Conclusion

It is, therefore,

ORDERED THAT:

1. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, denied; and

2. In accordance with 28 U.S.C. § 1915(a)(3), I certify that an appeal from this decision could not be taken in good faith, and none shall be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

he argues that there was no evidence to support that conviction. Evidentiary insufficiency does not, however, provide a basis for invoking the safety valve in § 2255(e). *E.g.*, *Strawder v. Merlak*, 2017 WL 1199139, *2 (N.D. Ohio) (Oliver, J.).

## IV. Conclusion

It is, therefore,

ORDERED THAT:

1. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, denied; and

2. In accordance with 28 U.S.C. § 1915(a)(3), I certify that an appeal from this decision could not be taken in good faith, and none shall be allowed without prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge